**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOHN SELDEN,

    Plaintiff,

                v.                Case No. 17-13451

RODNEY WILLIAMS and TLC
EXPRESS, INC.,

    Defendants.
_____/

**ORDER SUSPENDING DEADLINES, REOPENING LIMITED DISCOVERY,
DIRECTING THE PARTIES TO CONFER WITH THEIR MEDIATOR AS TO
POTENTIAL DISCUSSION DATES, AND SETTING A TELEPHONE CONFERENCE**

      With discovery closed and the dispositive motion deadline passed, the court suspended deadlines in this matter while the parties engaged in settlement discussions. The discussions were not successful, so the court set and conducted a status conference with the parties on July 24, 2018. During the status conference, the parties explained that there was some disagreement as to whether Plaintiff had properly put Defendants on notice that one of his physician witnesses would be testifying that Plaintiff—as a result of the complained-of accident—had suffered a traumatic brain injury ("TBI") and now had a seizure disorder. The court noted, and Plaintiff's counsel did not dispute, that contrary to the court's scheduling order (Dkt. #16 Pg. ID 49–50), Plaintiff's witness list had not provided an "informative synopsis" of the physician's intended testimony—but he explained that Defendants were sufficiently on notice of the expected testimony at any rate. Defendants argued that permitting the physician's

testimony on these issues would be unduly prejudicial in light of the limited notice they received and their inability to secure an opposing expert after the close of discovery.

The sensible solution to this problem is to allow Defendants some fixed latitude to engage their own expert to explore the TBI and seizure disorder issue. The limited discovery balances Plaintiff's interest in preventing further delay and Defendants' concern of undue prejudice. A limited rebuttal expert would also obviate the need for the court to decide whether Plaintiff's physician witness should be excluded altogether or his testimony significantly cabined for lack of proper notice. Perhaps most significantly, the discovery would provide the parties with more information to bring to their chosen mediator should they restart settlement discussions.

Defendants, then, are directed to engage—within the next three weeks—a rebuttal expert to conduct a review of the documents from Plaintiff's complained-of physician. Defendants may amend their witness list to include the rebuttal expert if they so choose. In the meantime, the court will direct the parties to confer with their mediator as to potential discussion dates—and possibly schedule a mediation date for early September—so that there are no further delays in this matter. The court will conduct a telephone conference at the end of August for the parties to report on their progress. Accordingly,

IT IS ORDERED that all pending deadlines in this matter, save those set forth in this order, remain SUSPENDED until further order of the court.

IT IS FURTHER ORDERED that Defendants are DIRECTED to engage a rebuttal expert for records review no later than **August 17, 2018**.

IT IS FURTHER ORDERED that the parties are DIRECTED to confer with their mediator, as soon as is reasonably possible, as to potential dates for settlement discussions occurring in early September.

IT IS FURTHER ORDERED that the court will conduct a telephone conference with the parties on **August 30, 2018 at 9:30 am.**

s/Robert H. Cleland          /<br>
ROBERT H. CLELAND<br>
UNITED STATES DISTRICT JUDGE

Dated:  July 31, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 31, 2018, by electronic and/or ordinary mail.

s/Lisa Wagner          /<br>
Case Manager and Deputy Clerk<br>
(810) 292-6522

Z:\Cleland\KNP\Civil\17-13451.SELDEN.Discovery.Order.KNP.docx